IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES McCLINTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3919-D |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant State Farm Lloyds ("State Farm") moves to require plaintiff James McClinton ("McClinton") to join James L. McClinton, Jr. ("James Jr.") and Rose M. McClinton ("Rose") as necessary parties. For the reasons that follow, the court denies the motion.

I

McClinton and his wife Rose are insured by State Farm under a Homeowner Policy ("Policy"). McClinton—but not Rose—brought this lawsuit against State Farm to recover additional Policy proceeds after a storm allegedly damaged their residence. Under the Policy, McClinton and Rose are both considered insureds, defined, in relevant part, as "you, and if residents of your household . . . your relative." Various records show that McClinton has sometimes identified himself as "James L. McClinton, Jr.," including in the deed of trust that secured a loan on the residence.

When McClinton filed this suit, he did so under the name "James McClinton" rather than "James L. McClinton, Jr.," and Rose did not join the lawsuit as a plaintiff.  State Farm moves to require McClinton to join James Jr. and Rose as parties-plaintiff.

II

The court turns first to State Farm's request that McClinton be required to join "James Jr." as a plaintiff.  State Farm maintains that, under Fed. R. Civ. P. 17(a), an "action must be prosecuted in the name of the real party in interest."

A

In a diversity case, this court is *Erie*-bound[*] to apply substantive law as would a Texas court.  *See, e.g., Allstate Ins. Co. v. Shelby*, 672 F. Supp. 956, 958 (N.D. Tex. 1987) (Fitzwater, J.).  The determination of who is a real party in interest is a substantive issue controlled by Texas law.  *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256-57 (5th Cir. 1980).  The Supreme Court of Texas has not yet addressed whether the suffix "Jr." is relevant when determining who is a real party in interest.  When there is no binding decision of the Supreme Court of Texas on a question, this court must make an "*Erie*-guess," i.e., a prediction of how that court would resolve the issue if presented with the same case.  *See, e.g., Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009)).  "While decisions of intermediate state appellate courts provide guidance, they are

---

[*]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

not controlling.  If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565-66 (5th Cir. 2005) ( citations omitted).

B

The court predicts that the Supreme Court of Texas would view the suffix "Jr." as surplusage, and therefore would not require that McClinton bring this lawsuit in the name of "James Jr.," i.e., would not require that McClinton "join" "James Jr." as a plaintiff.  In *Salazar v. Tower*, 683 S.W.2d 797 (Tex. App. 1984, no writ), the court of appeals held that the suffix "Jr." is "a nonessential part of [the party's] name for purposes of service of process[.]"  *Id.* at 799.  The court noted:

> [a]lthough we have been unable to find any Texas civil cases directly on point, we note that it has been held by the Texas Court of Criminal Appeals that the designation or suffix "Jr." forms no part of the defendant's name and its addition or omission is immaterial and may be rejected as surplusage.

*Id.* at 799 n.1 (citations omitted).

Texas criminal cases present additional examples of courts holding that the omission or inclusion of a suffix does not render an indictment or other identification insufficient.  *See, e.g., Cherry v. State*, 447 S.W.2d 154, 156-57 (Tex. Crim. App. 1969); *Smith v. State*, 2014 WL 4783251, at *1-2 (Tex. App. Sept. 18, 2014, pet. ref'd) (mem. op.); *Doyle v. State*, 2004 WL 2714654, at *2 (Tex. App. 2004, pet. ref'd) (mem. op.).  This court is not aware of any case—civil or criminal—in which a Texas court has held that the omission or inclusion of

the suffix "Jr." was relevant. The court therefore predicts that the Supreme Court of Texas would hold that the suffix "Jr." is surplusage that does not affect the legal identity of an individual, and that "James Jr." need not be joined as a plaintiff when McClinton is already a named plaintiff.

## III

The court now turns to State Farm's request under Rule 19(a)(1)(A) and (B) to join Rose as a necessary party.

## A

"[T]he party advocating joinder has the initial burden of demonstrating that a missing party is necessary[.]" *Hood ex. rel Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). The burden shifts to the party opposing joinder if the court's initial appraisal of the facts indicates the absence of a possibly necessary party. *Id.* Rule 19(a)(1) requires joinder of a person subject to process who would not deprive the court of subject matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1). A Rule 19(a) analysis is a "highly practical, fact- based" inquiry. *Pulitzer-Polster*, 784 F.2d at 1309. "The decision has to be made in terms of the general policies of

avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1604, at 38-39 (3d ed. 2001) (citations omitted).

## B

State Farm contends that Rose's absence precludes the court from according complete relief among the existing parties because it leaves State Farm subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  The question under Rule 19(a)(1)(A), however, is whether Rose's absence deprives the court of the ability to properly determine relief due to the existing parties.  *See Hood*, 570 F.3d at 628.  Rose's absence does not deprive the court of the ability to render complete relief.  The facts and arguments that are relevant to Rose would be identical to those of McClinton because they hold the same rights as insureds under the Policy.  The court can afford complete relief to McClinton without Rose's presence as a party-plaintiff.  And, as the court explains next, the court cannot say that State Farm would be adversely affected by Rose's absence as a party.  *See infra* § III(C).

## C

State Farm also relies on Rule 19(a)(1)(B)(2), which requires that the court analyze potential future litigation or other claims available to Rose if she is not joined as a plaintiff.  Because the availability of a claim affects Rose's substantive legal rights, the court is *Erie*-bound to follow Texas law.  *See, e.g., All Plaintiffs v. All Defendants*, 645 F.3d 329, 335-37

(5th Cir. 2011).  If Texas law would bar Rose from pursuing any further claim after the disposal of her husband McClinton's suit, State Farm would bear no risk of future obligations.

State Farm cites no Texas statute, regulation, or caselaw that enables the court to make such a determination.  It simply asserts, without support, that the failure to join Rose leaves it open to subsequent obligations to her.  State Farm's sole, relevant authority is an unreported federal trademark case.  Without additional support, the court cannot evaluate whether State Farm has a valid fear of future obligations, and thus cannot determine on this basis whether Rose is a necessary party-plaintiff.  *See Hood*, 570 F.3d at 628.  As the moving party, State Farm bears the initial burden of persuasion, which it has failed to meet.

*        *        *

For the reasons explained, State Farm's motion for leave to join person needed for just adjudication is denied.

**SO ORDERED**.

September 6, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE